**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONALD P. BERRY, SR. & DESIGNS 2-U, INC.,**

      **Plaintiffs,**

-vs-                Case No.  6:05-cv-1332-Orl-31KRS

**SASSY, INC.,**

      **Defendant.**

_____

**SASSY, INC.,**

      **Plaintiff,**

-vs-                Case No. 6:05-cv-1402-Orl-31KRS

**DONALD P. BERRY, SR.,**

      **Defendant**

_____

# ORDER

  This matter comes before the Court on the *ore tenus* motion for reconsideration filed by Sassy, Inc. ("Sassy") of its Emergency Motion for Leave to Assert Counterclaim Defenses of Inequitable Conduct and Patent Misuse (Doc. 86), which was denied on November 20, 2006 (Doc. 113).  In resolving the instant motion, the Court has also considered the response (Doc. 96) to the initial motion filed by the Plaintiffs, Donald P. Berry, Sr. ("Berry") and Designs 2-U, Inc. ("Designs"), as well as the argument of counsel at the hearing on November 21, 2006.

Sassy's motion, filed five weeks after the close of discovery and one month before the (since-continued) trial date, seeks leave to add claims of inequitable conduct and patent misuse. The allegations arise out of a recently discovered infomercial that, according to Sassy, shows Berry selling the device disclosed in U.S. Patent No. 6,524,272 (the "'272 Patent") more than one year prior to the date he applied for that patent. Sassy contends that Berry withheld the evidence regarding the infomercial through the discovery period, resulting in Sassy's eleventh-hour filing.

The Plaintiffs, for their part, deny that the device in the infomercial is an embodiment of the '272 Patent. (Doc. 96 at 5). They also argue that the court's dismissal of their claim regarding the '272 Patent has mooted Sassy's inequitable conduct claim. Sassy responds that any inequitable conduct in regard to the '272 Patent would fatally taint Berry's U.S. Patent No. 7,001,357 (the "'357 Patent"), which remains at issue in the case.

Sassy's explanation for the untimeliness of its request is not persuasive. The information which led to its discovery of the infomercial (in the form of a DVD in the hands of a non-party) was disclosed by Berry on July 14, 2006 – more than two months prior to the close of discovery. Moreover, the DVD allegedly containing "incontrovertible" evidence of Berry's misconduct was produced to Sassy on October 9, 2006 – three weeks prior to the filing of Sassy's emergency motion. Sassy has not offered a satisfactory explanation for the delay in obtaining the DVD or in filing its emergency motion once it was in possession of this so-called "smoking gun".

Moreover, even if Sassy's efforts on this score had been timely, the dismissal of the Plaintiffs' infringement claim regarding the '272 Patent moots any issue raised by the DVD. Unquestionably, there is a close relationship between the two patents – a fact Berry disclosed within the '357 Patent itself. But even assuming *arguendo* that Berry violated the public use or

on-sale bar in regard to the '272 Patent and lied to the Patent Office about it, Sassy has not shown that this conduct would affect the '357 Patent.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the *ore tenus* motion for reconsideration is **GRANTED**, but Sassy's Emergency Motion for Leave to Assert Counterclaim Defenses of Inequitable Conduct and Patent Misuse (Doc. 86) is again **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party